NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JEREMY LYNN GARRISON, *Petitioner*.

No. 1 CA-CR 12-0505 PRPC

FILED 06-12-2014

---

Petition for Review from the Superior Court in Yavapai County
Nos. P1300CR20090603 and V1300CR201180101
The Honorable Cele Hancock, Judge

**REVIEW GRANTED; RELIEF DENIED IN PART; REMANDED IN PART**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

White Law Offices, Flagstaff
By Wendy F. White
*Counsel for Petitioner*

### MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1        Petitioner Jeremy Lyn Garrison petitions this Court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Kenton D. Jones and Judges Margaret H. Downie and Donn Kessler have considered the petition for review and, for the reasons stated, grant review, deny relief in part and remand in part. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

## I.    Background

¶2        This matter involves two cases. In the first case, Garrison pled guilty to attempted aggravated domestic violence and the trial court placed him on probation. In the second case, which occurred approximately two years later, a jury convicted Garrison of stalking and harassment. As a result of these convictions, the trial court revoked Garrison's probation in the first case, imposing instead a sentence of two years' imprisonment. As his sentence in the second case, Garrison was ordered to serve a consecutive term of 3.75 years' imprisonment for stalking and time served for harassment. Garrison did not file a direct appeal. He did, however, file a timely, consolidated petition for post-conviction relief. The trial court dismissed the petition and Garrison now seeks review. In his petition for review, Garrison argues his trial counsel in the second case was ineffective in failing to object to the admission of certain evidence. He further argues the trial court failed to give him sufficient credit for his presentence incarceration.[1]

## II.    The Failure to Object

¶3        The victims of the harassment and stalking convictions in the second case are husband and wife. The convictions were based upon

---

[1] Garrison raised additional issues below but does not present them for review.

numerous messages Garrison left on telephone answering devices of the victims. The victim of the attempted domestic violence conviction in the first case was the wife's adult daughter. The trial court ruled that telephone calls Garrison made to the daughter, in the first case, were admissible in the trial of the second case pursuant to Arizona Rule of Evidence 404(b). Those calls contained death threats and other threats of violence and vulgarity.

¶4        Garrison argues counsel in his second case was ineffective in failing to object to what Garrison describes as "character evidence" introduced through the daughter and the wife – evidence he argues went beyond the content of the calls Garrison made in the first case.[2] Regarding the daughter's testimony, Garrison asserts counsel should have objected when the daughter testified that during her relationship with Garrison, she knew he was an "angry and violent" person based upon the way he yelled and screamed at her, called her names, pulled her hair, hit her and kicked her, threw and destroyed "things," and punched holes in the walls of her home. Regarding the wife's testimony, Garrison contends counsel should have objected when she testified Garrison fit profiles of stalkers she found online and that some of Garrison's statements made her think of O.J. Simpson and caused her to imagine how Garrison might kill her daughter.

¶5        To state a colorable claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 2064 (1984). To illustrate prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694, 104 S.Ct. 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

¶6        Garrison has failed to state a colorable claim of ineffective assistance based upon the failure to object. First, not every failure to object to evidence is ineffective assistance of counsel. *State v. Valdez*, 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989). Strategic choices of counsel "are virtually unchallengeable." *Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066. Second, Garrison has failed to prove he suffered any prejudice because he

---

[2] We address only that evidence for which Garrison provides citations to the record.

failed to show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 703, 104 S.Ct. at 2072; *State v. Lee,* 142 Ariz. 210, 214, 689 P.2d 153, 157 (1984). The jury heard evidence regarding the death threats and threats of violence and vulgarity Garrison left in the messages to the daughter, and Garrison raises no issues regarding those prior messages. Further, Garrison conceded he left the subsequent messages to the wife and husband. The content of those messages was not in question; they too contained threats and vulgarity. The only issue for the jury to decide was whether those messages, as charged, would cause a reasonable person to fear for the person's safety or the safety of an immediate family member, and whether the wife and husband did in fact fear for their safety or the safety of an immediate family member. Ariz. Rev. Stat. (A.R.S.) § 13-2923(A)(1) (2014)[3] (stalking defined).

¶7 Arguably, the testimony of the daughter and wife placed those messages in context and was admissible to prove those messages would cause a reasonable person, who had knowledge of Garrison's prior actions, to fear for his or her safety or the safety of an immediate family member. Garrison offers nothing to suggest the trial court would have sustained an objection. Even if objectionable, given the evidence, Garrison has failed to demonstrate a reasonable probability the results would have been different had counsel objected to the evidence in question. This is especially true in light of the jury not convicting Garrison of stalking the husband, but convicted him of the lesser-included offense of harassment of the husband. Clearly, the jury was not persuaded by the testimony at issue. If the jury believed Garrison was a stalker simply because the wife said he fit the profile and reminded her of O.J. Simpson, and the daughter claimed he engaged in acts of violence, the jury would have seemingly found him guilty of stalking the husband as well.

## III. Presentence Incarceration Credit

¶8 Garrison argues the trial court failed to give him sufficient credit for presentence incarceration. The trial court did not address this issue in its dismissal. We remand for the trial court to address Garrison's claims regarding presentence incarceration credit.

---

[3] In the absence of material revisions, we cite the current version of statutes and rules.

## IV.     Conclusion

**¶9**       We grant review, deny relief in part, grant relief in part and remand for proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: gsh